No. 52.—THE GEORGIA RAIL ROAD & BANKING COMPANY, plaintiffs in error, *vs.* JOHN D. MILNOR & Co. defendants.

[1.] The pleadings in Equity causes, pending on the appeal, are not amendable, as a matter of course, but only by leave of the Court, on *special cause* shown.

[2.] Where, upon special cause shown, the Court below, in the exercise of its discretion, allows an amendment to be made to the complainant's bill, this Court reluctantly interferes to control that discretion.

In Equity, in Clarke Superior Court. Decision on amendment, by Judge JAMES JACKSON, February Term, 1850.

At August Term, 1842, of Clarke Superior Court, John D. Milnor & Co. filed a bill against The Georgia Rail Road & Banking

Company, alleging that on 21st December, 1840, complainants entered into an agreement with The Georgia Rail Road & Banking Company to construct the superstructure on six divisions of the Athens branch of their road. By this agreement, it was stipulated that the materials were to be furnished by the Rail Road Company at convenient places on the road. It was further agreed, that if the work, or any part thereof, in the opinion of the engineer, be constructed in an inferior manner, that then and in that case, the engineer might make such a deduction from the price stipulated in the agreement, as he might deem fair and right. The bill charged, that from the fault of the company, the complainants were subjected to most ruinous delays; that by the agreement, all matters in controversy were to be submitted to the engineer, and that he had refused to allow them anything for lost time.

The bill further charged, that complainants " had already submitted—not without complaint, to be sure—to heavy deductions, under various pretexts; that the engineer had scaled the estimates one thousand dollars, and asked the question, " was not this enough to lose, in all fairness?" that " it was submitted to, because some of the complainants were pressed with pecuniary responsibilities, which had to be met at any sacrifice, and which admitted of no delay, and that this fact was but too well known to those who had the power over them."

The prayer of the bill was, that the award of the engineer might be set aside, respecting the compensation to be allowed them for the lost time, and that the company might come to a full and fair account for the lost time, and for further relief.

By an amendment made at the Return Term, it was charged, that the complainants did not know, at the time the contract was made, that the engineer was a stockholder, to the amount of $10,000, in said company.

There was a verdict for complainants, and an appeal. Prior to the first term of the appeal, viz: 1st January, 1849, the complainants filed an amendment, charging, " that the scaling of their account, by the engineer, was unjust and without foundation—the work being done by them according to contract; that they were ready to prove that the work done by them was as good, if not the best, that there was along the line of the road from Augusta to Athens; yet that the said interested engineer, from bias and

Georgia R. R. & Banking Co. *vs.* Milnor & Co.

prejudice, and without any proper reason therefor, deducted from their estimates, under the contract, the sum of $1,100, which sum they charged to be still due and owing them, under said contract." The amendment prayed an answer and a decree, compelling the defendants to pay to complainants the sum, so unjustly withheld, with interest thereon.

Service of this amendment was acknowledged by defendants' counsel, and counsel for complainants notified by him, that "*if the* amendment is insisted on, the case will not be for trial in February." At August Term, 1849, the case was continued by defendants. At February Term, 1850, the cause being called, both parties announced themselves ready, and were proceeding to strike a Jury, when counsel for complainants moved to take the amendment, *pro confesso*, which motion was refused, on the ground that the amendment had never been allowed by the Court.

Complainants' counsel then moved that the amendment be allowed *instanter*, which motion was resisted, on the grounds—

1st. That the amendment never could have been made.

2d. That if allowable at all, it was now too late.

3d. That the amendment could not be made, unless sworn to, and some good cause shown for the amendment being delayed so long; and if allowed by the Court, it should be on terms.

The Court allowed the amendment, and held, that the amendment did not seek to engraft a new substantive contract upon the bill, but grew out of, and was part and parcel of the contract charged therein; that the scaling of the estimates, though not distinctly and clearly charged, was yet complained of in the bill, and that the amendment was such an one as a Court of Equity would allow in furtherance of justice, and of its settled policy not to do justice by halves.

In regard to the second objection, the Court held, that as the amendment now sought to be made, had been filed and served under the former Equity practice of the Circuit, and the decision of the Supreme Court, altering that practice, having been recently made, the Solicitor for complainants was not in *laches*, and justice would be best promoted by allowing the amendment.

In regard to the last objection, one of the complainants being in Court, offering to swear to it, the Court held it unnecessary— the amendment being simple and the original bill not sworn to.

This decision of the Court is assigned for error.

Judge LUMPKIN, being a stockholder in the Georgia Rail Road & Banking Company, and a relative of defendants, did not preside in this case.

HILLYER, for plaintiff in error.

COBB, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The error complained of is, that the Court below allowed the complainants to amend their bill. The complainants proposed to amend their bill, so as to make the allegation more distinct and specific in regard to the engineer scaling their accounts, so as to admit their testimony in relation to that subject. *Story's Eq. Pleading,* 678, §884. Pleadings in Equity cannot be amended on the appeal trial, as a matter of course, as was ruled by this Court in *Berry vs. Mathews,* 7 *Georgia Rep.* 457.

[2.] The *special cause,* shown to the Court below, why the amendment was not made at an earlier period, appears to have been satisfactory to that Court, and as we held, in *Dearing vs. The Bank of Charleston,* (6 *Georgia Rep.* 584,) we reluctantly interfere with the discretion of the Court below, in allowing an amendment of the pleadings, in a suit in Equity. No injustice appears to have been done the defendants, by allowing the amendment in this case. Time was given them to answer the amendment, and so far as we can discover, the amendment was allowed in furtherance of justice, and we will not control the discretion of the Court.

Let the judgment of the Court below be affirmed.